IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FELICIA T. RUCKER,  ]
        Plaintiff,  ]
          ]
v.  ]  CV-04-HS-985-S
          ]
THE JEFFERSON COUNTY COMMISSION, ]
et al.,  ]
          ]
        Defendants.  ]

## Memorandum Opinion

This is a civil action, filed originally by Plaintiffs Anthony Pippens, Byron K. Deramus, Wilbert Miller, Jr., James E. Perry, Felicia T. Rucker, and Curtis Williams, against the Defendants, the Jefferson County Sheriff's Department and Mike Hale in his individual and official capacity as the Sheriff of Jefferson County. The initial Complaint in this case was filed on December 19, 2003, and given case number CV-03-BE-3352-S. On May 13, 2004, Judge Lynwood Smith severed the action into six individual cases. One of those cases is the present action brought by Plaintiff Felicia T. Rucker.

The Amended Complaint, filed on February 25, 2004, adds as Defendants the Jefferson County Commission and Jefferson County, Alabama. The Amended Complaint also alleges three Counts against the Defendants for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I); violation of 42 U.S.C. §§ 1981 and 1981(a) through section 1983 (Count II); violation of the Plaintiff's rights to equal protection (Count III); and violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for retaliation in violation of plaintiff's first amendment right to political association (Count IV).

On October 22, 2004, this Court granted the Plaintiff's motion to Dismiss all claims against Sheriff Hale in his individual capacity (doc. 23).

Currently pending before the Court is Defendants' (Jefferson County Commission and Jefferson County, Alabama) Motion to Dismiss (doc. 11), and Defendant Hale's Motion to Dismiss (doc. 12). For the reasons stated herein, Jefferson County Commission and Jefferson County, Alabama's Motion to Dismiss will be **GRANTED,** and Defendant Hale's Motion to Dismiss will be **GRANTED in part** and **DENIED in part**.

## I. ALLEGATIONS OF THE COMPLAINT

The Complaint alleges as follows:

> 41. Plaintiff Rucker has been discriminated against and treated differently than similarly situated white employees solely because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.
>
> 42. Plaintiff Rucker began working for the Sheriff's Department in February 1990 and is currently employed with the defendant. During her employment with the Sheriff's Department, Rucker worked as a Patrol Officer in the Bessemer Division Office for approximately seven (7) years and later worked as a Deputy Sheriff School Resources Officer for more than two (2) years. As Deputy Sheriff School Resources Officer, Rucker was required to have daily interaction with elementary, middle and high school students. Rucker, inter alia, taught drug and gang prevention to children, and handled and investigated all juvenile crimes that occurred in the school resource division.
>
>> 43. In May 2003, Rucker applied for the Youth Aide Investigation position. The position was ultimately awarded to Shane Bates, a white male employee. Upon information and belief, Mr. Bates was substantially less qualified than Rucker for the position. Moreover, upon information and belief, Mr. Bates had only been with the force five (5) years when he was selected for the position.
>>
>> 44. Upon information and belief, the defendant has discriminated against Rucker because of her race in denying her the Youth Aide Investigation position. The Sheriff's Department's actions evidence a continuous pattern and practice of

racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981. has been continuously employed with the defendant since that time.

     45.    Upon information and belief, the defendant further discriminates against female employees as a class in promotions, pay, advancement and other terms and conditions of employment.

* * *

## IV.   COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

     55.    Plaintiffs have been discriminated against and treated differently than similarly situated white employees solely because of their race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions of plaintiffs' employment.

     56.    Furthermore, said acts of discrimination have affected the plaintiffs' pay, raises, ability to advance, and right to be free of racial discrimination, harassment and intimidation. Plaintiff alleges that white employees were not treated in this manner.

     57.    The defendant has a pattern and practice of racial discrimination in all the foregoing aspects.

     58.    This reckless and willful discrimination on the part of the defendant constitutes a violation of the plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

     59.    As a further consequence and effect of the defendant's unlawful conduct and practices, the plaintiffs were deprived of income and other compensation and benefits.

     60.    Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.   COUNT II: 42 U.S.C. SECTION 1981 and 1981(a) THROUGH SECTION 1983

62. Plaintiffs have been discriminated against, singled out and treated differently than similarly situated white employees solely because of their race, African American, in violation of 42 USC. § 1981 and 1981(a), as amended by the Civil Rights Act of 1991. This treatment by the Defendant has affected the terms and conditions and enjoyment of plaintiffs' employment. Moreover, the action of the Defendants were done under color of state authority.

63. As a further consequence and effect of the defendant's unlawful conduct and practices, the plaintiffs were deprived of income and other compensations and benefits.

64. Plaintiffs Miller, Pippens and Rucker were also retaliated against for their political preferences.

65. Plaintiffs believe and thus aver that the affect of the defendant's unlawful employment practices has been to limit, classify and discriminate against persons of African-American ancestry in ways which jeopardize and intend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of 42 USC § 1981 and 1981(a) under color of state authority. Plaintiffs, the victims of such practices, are now and will continue to be unlawfully deprived of income in the form of wages, perspective retirement benefits, seniority, social security benefits, insurance coverage and other monetary and non-monetary benefits due to them solely because of their race in sums to be proved at trial.

66. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially discriminatory, demeaning and unlawful conduct.

67. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### VI. COUNT III: VIOLATION OF PLAINTIFFS' RIGHTS TO EQUAL PROTECTION

69. The defendants acted under color of state authority to deprive the plaintiffs of their Fourteenth Amendment right to equal protection by taking adverse action against the Plaintiffs based upon the plaintiffs race.

70.     As public employees, the plaintiffs had a constitutionally protected property interest.

71.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein an this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

*Complaint*, at 7-8, 14-17.

## II. STANDARD FOR REVIEWING A MOTION TO DISMISS

A Complaint can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Eleventh Circuit has set out the appropriate standard for reviewing a Motion to Dismiss as follows:

> We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. . . . Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

*Magluta v. Samples,* 375 F.3d 1269, 1273 (C.A.11 (Ga.), 2004).

## III. DISCUSSION

A.  **Claims Against Jefferson County**

As an initial matter, the Plaintiff "concedes that Jefferson County is not a cognizable entity for the purposes of this lawsuit." *Plaintiff's Opposition to Defendant Jefferson County and the Jefferson County Commission's Motion to Dismiss (hereinafter "Plaintiff's Opposition Brief"),* at 4. In addition, at oral argument, the Plaintiff conceded that Jefferson County was due to be dismissed. Accordingly, the Motion to Dismiss all Counts as to Jefferson County will be

5

**GRANTED**, and as to this Defendant the case will be **DISMISSED, with prejudice**.

**B.     Claims Against the Jefferson County Commission**

The Jefferson County Commission has been sued in its official capacity. While the Court accepts the Plaintiff's position that it must look to the extent of control the Commission exerted in this instance, in ruling on the Commission's motion to dismiss, the Court is persuaded by the logic of *Terry v. Cook*, 866 F.2d 373, 379 (11th Cir. 1989). The *Terry*, Court summarized the facts of that case as follows:

> The plaintiffs were deputy sheriffs, clerks, investigators, dispatchers, jailers, and process servers under the former sheriff of Lawrence County, Alabama, Dan Ligon. The defendant A.C. Cook defeated Ligon on November 4, 1986, after campaigning on a platform that promised "a change" in administration. Throughout the campaign and prior to assuming office, Cook publicly declared his intention to replace all of Ligon's employees "from the secretary and jailer up to the chief deputy," with persons who supported his election. On January 2, 1987, approximately three weeks prior to the termination of Ligon's term, the plaintiff Terry appeared before the Lawrence County Commission as spokesman for the employees and asked the commission's assistance in preventing Cook's intended housecleaning. At the same meeting, Cook again announced his intention to replace all of the employees who had opposed his election.
>
> The commission requested the opinion of the Alabama Attorney General but, prior to its receipt, confirmed Cook's plan. Cook took office on January 20, and, with his newly appointed chief deputy, defendant Cain, directed a notice to each plaintiff relieving him of his duties.
>
> The plaintiffs sued Sheriff Cook and Chief Deputy Cain in their individual capacities and the sheriff, chief deputy, and the Lawrence County commissioners in their official capacities. The complaint alleged that the plaintiffs were terminated for failure to support Cook in his political race in violation of the First and Fourteenth Amendments.

*Terry*, 866 F.2d at 374 (11th Cir. 1989). In ruling that the motion to dismiss the County Commission was appropriate, the Eleventh Circuit held:

> Under Alabama law, the County Commission is authorized to "allow the sheriff to

6

appoint a chief deputy and as many other deputies as are needed in the discretion of the county commission." 1979 Ala.Acts 85. We can find no authority in Alabama law granting the county commission the authority to hire and fire deputy sheriffs, nor have plaintiffs offered any.

*Id.* at 379.

Similarly here, the Plaintiff has provided no authority that the Jefferson County Commission has the authority to hire and fire Deputy Sheriffs, or otherwise effect their employment status. In fact, case law suggests that it does not. In *Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir. 1998), the estate of pretrial detainee who was killed during an altercation with another inmate at county jail brought a civil rights action against the county. In dismissing the County, the Court wrote:

> Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself. The Code bestows upon the sheriff "the legal custody and charge of the jail in his county and all prisoners committed thereto." Ala.Code § 14-6-1 (1995). The Alabama Supreme Court has held that § 14-6-1 demonstrates that "the sheriff's authority over the jail is totally independent of the [county commission]." *King v. Colbert County,* 620 So.2d 623, 625 (Ala.1993). The sheriff appoints, directs, and controls the deputies and jailers who work at the jail. Ala.Code § 14-6-105. The County has no authority to manage the sheriff's employees. *See Lockridge v. Etowah County Comm'n,* 460 So.2d 1361, 1363 (Ala.Civ.App.1984); *see also Terry v. Cook,* 866 F.2d 373, 379 (11th Cir.1989) (finding that Alabama county commissioners have no authority to hire or fire deputies or jailers). In both the *King* and *Lockridge* decisions, the Alabama courts assumed as a matter of statutory construction that an express legislative delegation of authority to one official, the sheriff, necessarily meant that another entity, the county, possessed no authority in that area.

*Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir. 1998).

The Plaintiff conceded at oral argument and in its brief that it does not fully know the control the Jefferson County Commission has over the actions of the Sheriff or the Sheriff's Department. It is the Plaintiff's burden to allege a claim creating liability of the County. The Plaintiff has failed

7

to satisfy that burden. Accordingly, all claims against the County Commission are due to be **DISMISSED, with prejudice.**

The Court must still consider whether the Counts applicable to Sheriff Hale in his official capacity can proceed.

C.      **Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I)**

The Eleventh Circuit Court of Appeals has held

> Finally, both this court and the Fifth Circuit have held that Title VII actions are not appropriately brought against government officials in their personal capacities. Such suits may be brought only against individuals in their official capacity and/or the employing entity. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *see also Harvey v. Blake,* 913 F.2d 226 (5th Cir.1990).

*Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1060 (11th Cir. 1992). Accordingly, the Motion to Dismiss the Title VII action against Hale in his official capacity will be **DENIED.**

D.      **Violation of 42 U.S.C. §§ 1981 and 1981(a) through 1983 (Count II)**

"In *Parker v. Williams,* 862 F.2d 1471 (11th Cir.1989), [the Eleventh Circuit Court of Appeals] held that the eleventh amendment barred a section 1983 lawsuit against an Alabama sheriff in his official capacity." *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1525 (11th Cir. 1990). Accordingly, Count II, as alleged against Defendant Hale in his official capacity will be **DISMISSED, with prejudice.**[1]

E.      **Violation of the Plaintiff's Rights to Equal Protection (Count III)**

This Count also sounds in Section 1983. Accordingly, for the reasons stated above, the Motion to Dismiss Count III, as alleged against Defendant Hale in his official capacity will be

---

[1] All parties agree that the § 1981 and § 1983 claims merge to form one claim. *See Godby v. Montgomery County Bd. of Educ.,* 996 F. Supp. 1390, 1411 (M.D. Ala. 1998).

**GRANTED** and this Count will be **DISMISSED, with prejudice.**[2]

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss of Jefferson County and the Jefferson County Commission will be **GRANTED**. The Motion to Dismiss of Sheriff Mike Hale will be **GRANTED in part and DENIED in part**.

Done, this __27__ day of October, 2004.

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE

---

[2]Count IV for "Violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 Retaliation in Violation of Plaintiff's first amendment right to political association" is not alleged by this Plaintiff.

9